UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-22406-CIV-SEITZ/SIMONTON

ADALBERTO GONZALEZ, *et al.*,

        Plaintiffs,

v.

X-PRESS COURIER SYSTEM CORP., *et al.*,

        Defendants.
_____/

## ORDER GRANTING MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

THIS MATTER is before the Court on Plaintiffs' Motion for Entry of Final Default Judgment Against Defendants X-Press Courier System Corp. and Odalys Cifuentes [DE-12]. Defendants X-Press Courier System Corp. (X-Press Courier) and Odalys Cifuentes (Cifuentes) were served pursuant to Florida Statute § 48.031(6) on August 23, 2011. Neither X-Press Courier nor Cifuentes filed an answer or otherwise appeared. Consequently, on September 30, 2011 a Clerk's Default was entered against both X-Press Courier and Cifuentes [DE-10]. Plaintiffs now move for entry of a final default judgment on the claims brought pursuant to the Fair Labor Standards Act (FLSA).

### I. Findings of Fact

Based on the allegations in the Complaint and the Affidavits submitted in support of the Motion, the Court finds as follows. Plaintiff Gonzalez was employed by X-Press Courier from July 30, 2010 to August 13, 2010. During that time Gonzalez worked a total of 90 regular hours and 20 overtime hours. Gonzalez was not paid for any of those hours. Plaintiff Vallecillo

worked for X-Press Courier from April 13, 2011[1] to May 3, 2011. During that time he worked 120 regular hours and 35 hours of overtime. He was not paid for any of his time.

X-Press Courier is a corporation doing business in Florida. Cifuentes was an officer and/or administrator of X-Press Courier and a direct or indirect supervisor and employer of Plaintiffs. During the relevant time period, X-Press Courier had gross annual revenues in excess of $500,000.00. As a courier service, X-Press Courier was engaged in interstate commerce.

## II. Conclusions of Law

Upon review of the record, including the complaint, the Motion, and the Affidavits submitted in support, and because Defendants X-Press Courier and Cifuentes have not responded to the complaint or otherwise defended this action, Plaintiffs are entitled to entry of a final default judgment. Defendants X-Press Courier and Cifuentes are subject to the FLSA and both are employers, as that term is defined by the FLSA. Consequently, Plaintiffs are entitled to entry of a judgment in the amount of their unpaid wages, their unpaid expenses, and attorneys' fees and costs. Plaintiff Gonzalez is entitled to $868.50 in unpaid wages, $868.50 in liquidated damages, and $400 for costs reimbursement for a total of $2,139.00 in damages. Plaintiff Villecillo is entitled to actual damages of $1,249.60 in unpaid wages, $1,249.60 in liquidated damages, and $600 in costs reimbursement for a total of $ 3,099.20 in damages. Additionally, Plaintiffs are entitled to recover their attorneys fees in the amount of $3,540.00 and costs of $781.08. Accordingly, it is

---

[1] While the complaint alleges that Vallecillo began work on April 13, 2010, his Affidavit states that he began working for X-Press Courier on April 13, 2011.

ORDERED that:Plaintiffs' Motion for Entry of Final Default Judgment Against Defendants X-Press Courier System Corp. and Odalys Cifuentes [DE-12] is GRANTED. The Court shall enter a separate judgment.

DONE and ORDERED in Miami, Florida, this 18th day of May, 2012.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record